# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:09CV-254-H

**[CAPITAL CASE]**

**MELVIN LEE PARRISH**                                                            **PETITIONER**

v.

**THOMAS L. SIMPSON, WARDEN**                                     **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

### I.

This matter is before the Court on four non-dispositive motions: 1) Petitioner's Motion for Discovery and an Evidentiary Hearing (DN 33); 2) Petitioner's Motion to Compel Production of State-Court Records (DN 40); 3) Petitioner's Motion to Expand the Record (DN 43); and 4) Petitioner's Motion for Transcription of the State-Court Trial Record (DN 50). Fully briefed, the motions are ripe for decision.

For the reasons explained more fully below, the Court will: 1) deny Petitioner's motion for discovery and an evidentiary hearing because under *Cullen v. Pinholster*, –U.S.–, 131 S. Ct. 1388, 2011 U.S. LEXIS 2616 (Apr. 4, 2011), the Court will not be able to consider anything beyond the state-court record to decide the claims at issue; 2) grant Petitioner's motion to compel the remainder of the state-court record because it is apparent that the document at issue was part of the record below, and therefore, should have been produced by Respondent; 3) deny Petitioner's motion to expand the record as moot; and 4) deny Petitioner's motion for transcription of the entire state-court record with leave to refile a more limited request at a later date, if necessary for an effective presentation of any claims.

## II.

To place the current motions in the proper context, the Court will briefly review the procedural history of this habeas case.

After an unsuccessful direct appeal and subsequent collateral attack of his sentence in the Kentucky state courts, on April 6, 2009, Parrish filed this 28 U.S.C. § 2254 petition for writ of habeas corpus. Parrish's petition raised seven claims for relief, six of which are still before the Court.[1] The six claims, as originally numbered in Parrish's petition, that are still before the Court are:

> 1) the admission of expert opinion evidence that the adult female victim, Rhonda Allen, was pregnant at the time of her death denied Parrish a fundamentally fair trial in violation of the Fourteenth Amendment;
>
> 3) Parrish received ineffective assistance of counsel in violation of the Sixth Amendment during the guilt/innocence phase because:
>
>> a) counsel failed to properly argue that Parrish's waiver of his *Miranda* rights was not intelligent and knowing; and
>>
>> b) counsel failed to properly handle minor victim Jonathan Allen's testimony;
>
> 4) the trial court denied Parrish a fundamentally fair trial in violation of the Fourteenth Amendment because it prohibited Parrish from introducing letters and cards from his children during the penalty phase;
>
> 5) Parrish received ineffective assistance of counsel in violation of the Sixth Amendment during the penalty phase because:

---

[1] Respondent previously moved to dismiss Parrish's claims for non-exhaustion of state-court remedies and/or procedural default. The Court granted the motion to the extent that it related to claim two–that the admission of jailhouse informant Pemon Person's testimony, without a cautionary admonition, denied Parrish a fundamentally fair trial in violation of the Fourteenth Amendment. The Court denied the motion with respect to the remaining claims. The remaining claims will require a decision on the merits.

> a) counsel failed to properly investigate and present Parrish's diminished intellectual capacity in mitigation of the death penalty;
>
> b) counsel did not properly present important and necessary evidence related to Parrish's future dangerousness; and
>
> c) counsel did not properly handle issues related to mitigation and unanimity with respect to the penalty phase jury instructions;
>
> 6) the trial court denied Parrish a fundamentally fair trial in violation of the Fourteenth Amendment because the trial court's instruction on reasonable doubt improperly limited the discretion of the jury to return a sentence less than death; and
>
> 7) the Eighth Amendment to the Federal Constitution prohibits the execution of mentally retarded defendants including Parrish.

(DN 1). Respondent has filed a substantive response addressing the merits of the remaining six claims (DN 28). With the exception of the disputed appendix, Respondent has also produced the state-court record.

### III.

**A.     Motion for Discovery and an Evidentiary Hearing**

Parrish is seeking discovery and an evidentiary hearing on claims three and five of his petition. Both claims are based on the alleged ineffectiveness of his trial counsel. Parrish fully exhausted these claims at the state-court level. And, the Kentucky Supreme Court decided these claims on the merits.

Because Parrish is challenging the Kentucky Supreme Court's resolution of these claims under § 2254(d)(1)[2], as explained in *Cullen v. Pinholster* this Court's review is limited to the

---

[2]Section 2254(d)(1) provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

state-court record. Since the Court will not be able to consider anything beyond the state-court record to decide the claims at issue, it would be futile and a waste of judicial resources to allow the parties to engage in discovery and to present additional evidence.

The facts of *Cullen v. Pinholster* are strikingly similar to the case at bar. Pinholster was convicted of two counts of murder and sentenced to death by a California jury. On mandatory appeal, the California Supreme Court affirmed the judgment. Pinholster then filed two related state-habeas petitions raising ineffective-assistance-of-counsel claims.[3] Pinholster supported his state-court petitions with school, medical, and legal records, as well as declarations from family members and doctors. The state court did not conduct any type of evidentiary hearing on Pinholster's claims. In fact, the California Supreme Court summarily rejected Pinholster's ineffective-assistance-of-counsel claim without discussion simply stating it was denied "on the substantive ground that it is without merit." No further discussion of the claim or evidence underlying it was included. *Cullen v. Pinholster*, 2011 U.S. LEXIS 2616 at *14-18.

Pinholster then filed a habeas petition in federal district court. The federal district court granted an evidentiary hearing on Pinholster's ineffective-assistance claim. At the evidentiary hearing Pinholster questioned one of the doctors who had submitted a declaration in support of

---

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

[3]Pinholster claimed that had his trial counsel investigated mitigating evidence, they would have uncovered a wealth of it–including a turbulent, dysfunctional, violent and abusive home life; serious, well-documented educational disabilities; and profound mental disorders.

4

his state-court petition. He also presented two new medical experts. In light of the additional evidence, the federal district court granted Pinholster's habeas petition. *Id.* at *17-18.

Sitting *en banc*, the Ninth Circuit affirmed the lower court's grant of habeas relief holding that the "[federal] district court's evidentiary hearing was not barred by 28 U.S.C. § 2254(e)(2) . . . [and] that [the] new evidence from the evidentiary hearing could be considered in assessing whether the California Supreme Court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law' under § 2254(d)(1)." *Id.* at *19. Three judges dissented and rejected the majority's conclusion that it was permissible to look beyond the state-court record. They characterized Pinholster's efforts in federal court as "habeas-by-sandbagging." *Id.*

The United States Supreme Court granted certiorari to resolve whether "review under § 2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before the federal habeas court." *Id.* at *19. Reversing the Ninth Circuit, the majority held that under § 2254(d)(1) a federal court's review is limited to the record that was before the state court that adjudicated the claim on the merits, and that any evidence later introduced in federal court is irrelevant to § 2254(d)(1) review. *Id.* at *21 ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.").

The Court clarified that a federal district court should only consider whether to grant a substantive evidentiary hearing pursuant to § 2254(e)(2) if the state court did not decide the issue under review on the merits. *Id.* at *29 ("[N]ot all federal habeas claims by state prisoners fall within the scope of § 2254(d), which applies only to claims 'adjudicated on the merits in State

5

court proceedings.' At a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court.").

The Supreme Court also clarified that a decision on the merits need not be comprehensive. Even if the claim was simply summarily denied on the merits without discussion or analysis, as was the case with Pinholster's claim, the federal court is still limited to the state-court record. *Id*. at *31-33 ("Section 2254(d) applies even where there has been a summary denial.").

It is clear that Parrish is challenging the Kentucky Supreme Court's resolution of his ineffective-assistance-of-counsel claims under § 2254(d)(1). Likewise, there can be no dispute that the Kentucky Supreme Court addressed Parrish's ineffecitve-assistance-of-counsel claims on the merits. In fact, unlike the California Supreme Court, it devoted a substantial amount of analysis and discussion to the claims. Accordingly, under *Cullen v. Pinholster* this Court's habeas review is limited to the state-court record. As such, it would be futile to allow discovery and to conduct an evidentiary hearing because the Court would not be able to consider anything beyond the state-court record.

**B.     Motion to Compel Production of State-Court Record**

Respondent was ordered by this Court to produce the entire state-court record. It produced everything but a forty-three part appendix that Parrish maintains was included with his Rule 11.42 motion. Respondent contends that while it located a copy of the appendix in a box of "evidence," that copy is not file stamped. Respondent maintains that it has been unable to verify that the appendix was actually part of the record. Parrish argues that there is no question that the

court proceedings.' At a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court.").

The Supreme Court also clarified that a decision on the merits need not be comprehensive. Even if the claim was simply summarily denied on the merits without discussion or analysis, as was the case with Pinholster's claim, the federal court is still limited to the state-court record. *Id*. at *31-33 ("Section 2254(d) applies even where there has been a summary denial.").

It is clear that Parrish is challenging the Kentucky Supreme Court's resolution of his ineffective-assistance-of-counsel claims under § 2254(d)(1). Likewise, there can be no dispute that the Kentucky Supreme Court addressed Parrish's ineffecitve-assistance-of-counsel claims on the merits. In fact, unlike the California Supreme Court, it devoted a substantial amount of analysis and discussion to the claims. Accordingly, under *Cullen v. Pinholster* this Court's habeas review is limited to the state-court record. As such, it would be futile to allow discovery and to conduct an evidentiary hearing because the Court would not be able to consider anything beyond the state-court record.

**B.     Motion to Compel Production of State-Court Record**

Respondent was ordered by this Court to produce the entire state-court record. It produced everything but a forty-three part appendix that Parrish maintains was included with his Rule 11.42 motion. Respondent contends that while it located a copy of the appendix in a box of "evidence," that copy is not file stamped. Respondent maintains that it has been unable to verify that the appendix was actually part of the record. Parrish argues that there is no question that the

appendix was part of the record and is seeking an order from this Court directing Respondent to produce it as such.

The record as related to Parrish's Rule 11.42 motion is replete with citations to the appendix. Respondent's assertion that the appendix was never made part of the record seems almost implausible. As Parrish explains,

> Respondent located the appendix items in the exhibit box, ***which is part of the state court record***. The exhibits are transferred from the Circuit Court to the Kentucky Supreme Court on appeal just as the rest of the record is. *See* Appendix 1, Case History Sheet, *Parrish v.Commonwealth of Kentucky*, 2006-SC-000592, showing contents of record received by the Kentucky Supreme Court including exhibits. The Kentucky Supreme Court obviously had the appendix items before it for consideration since it is referenced in the opinion.

Moreover, the Court notes that on "page i" of Parrish's Rule 11.42 Appellant Brief to the Supreme Court of Kentucky he lists "APPENDIX-- RCr 11.42 motion attachments" as one of the citations to the record and states in footnote 1 that the "**Appendix to Appellant's RCr 11.42 motion is filed in the Supreme Court record as an "accordion folder exhibit.**"

Upon review, the Court finds that the appendix at issue was part of the state-court record and that Respondent should be compelled to produce it as such. Given this determination, Parrish's request to expand the record to include the exhibit is moot.

C.   **Motion for Transcription of the State-Court Trial Record**

Parrish has moved the Court to direct Respondent to have the trial court proceedings transcribed from video to a written format. The Kentucky state courts do not make written transcripts of trial proceedings. The official state-court record is the audio/video recording. *See* Ky. R. Crim. P. 98. Respondent has previously provided the Court DVD copies of the audio/video record in this case.

If allowed, typically the costs of transcription in death penalty cases is paid by the United States pursuant to 18 U.S.C. § 3599, which allows for the government to pay for services that are reasonably necessary for the representation of the defendant. Upon review, the Court finds that Petitioner has not satisfied his burden of demonstrating that transcription of the entire record is "reasonably necessary."

The remaining six claims are relatively straight forward. Moreover, all the claims have been raised and extensively briefed in the state courts without the benefit of a written transcript.

Based on experience, the Court is well aware that the transcription process is both lengthy and expensive. Mere convenience sake is not enough to justify the delay and costs associated with the process. Nor does the Court believe that it should order transcription simply because the Sixth Circuit Court of Appeals may desire to have a written transcript. In the event that the Sixth Circuit Court of Appeals desires all or a portion of the record for some later review, it is as capable as this Court is of ordering transcription.

Seeing no benefit to transcribing the entire record, the Court will deny Parrish's motion. However, should Parrish desire he may refile his motion seeking transcription of certain portions of the record. Parrish should, however, explain why transcription is necessary for him to effectively present his claims.

**IV.**

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1) Petitioner's Motion for Discovery and an Evidentiary Hearing (DN 33) is **DENIED**;

2) Petitioner's Motion to Compel Production of State-Court Record (DN 40) is **GRANTED**. **Within 28 days of the entry of this Order, Respondent shall file a copy of the appendix at issue with the Court**.

3) Petitioner's Motion to Expand the Record (DN 43) is **DENIED** as moot; and

4) Petitioner's Motion for Transcription of the State-Court Trial Record (DN 50) is **DENIED** with leave to refile at a later time in accordance with this Memorandum Opinion and Order.

Date:

cc: Counsel of record

4412.008