UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

[CAPITAL CASE]

**MELVIN LEE PARRISH**                                        **PETITIONER**

**v.**                                        **CIVIL ACTION NO. 3:09-CV-P254-H**

**THOMAS L. SIMPSON, WARDEN**                          **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner's Motion to Reconsider the Court's Interlocutory Order Denying Discovery and an Evidentiary Hearing (DN 58) and his Motion to Reconsider the Court's Interlocutory Order Denying Expert Assistance (DN 59). Having considered those motions, Respondent's response (DN 60), and Petitioner's reply (DN 63), the Court will deny Petitioner's motions for the following reasons.

**I.**

Petitioner asks this Court to reconsider its Memorandum Opinion and Order (DN 52), which, among other things, denied Petitioner's motion for discovery and an evidentiary hearing. Petitioner had requested discovery by way of deposing his trial attorneys and mitigation witnesses and an evidentiary hearing on claim 3 and two subparts of claim 5 (ineffective assistance of trial counsel at mitigation in failing to present evidence of diminished capacity and in failing to investigate possible organic brain damage or neurological disorder). In the Memorandum Opinion denying the motion for evidentiary hearing, this Court explained that because Petitioner brings claims 3 and 5 under 28 U.S.C. § 2254(d)(1)[1] and because the

---

[1] That section provides:

(d) An application for a writ of habeas corpus on behalf of a person

Kentucky Supreme Court addressed those claims on the merits, under *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), it would be futile to allow discovery and to conduct an evidentiary hearing because the Court must consider only the state-court record.

In his motion to reconsider the Court's denial of his request for an evidentiary hearing, Petitioner argues that it is premature for this Court to deny an evidentiary hearing on claim 5(a). As reason, Petitioner points to the fact that the Kentucky Supreme Court stopped its analysis on his ineffective-assistance-of-counsel claim after it determined that counsel's performance was not deficient.  Petitioner also argues that the Order should be reconsidered as to all of the claims on which Petitioner requested an evidentiary hearing because this case is distinguishable from *Pinholster*.  Petitioner distinguishes this case in that Pinholster (who was convicted in California) received two rounds of state post-conviction proceedings with access to experts, allowing him to fully develop his claims in state court even though he did not have a state post-conviction evidentiary hearing.  Here, Petitioner argues, he did not have access to expert assistance in preparing his post-conviction motion, and Kentucky's post-conviction process is inadequate because it does not permit discovery.

In response, the State argues that claim 5(a) was fully adjudicated on the merits by the state court because the state court was not required to determine whether Petitioner suffered

> in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

prejudice from counsel's acceptable performance. The State also points out that Petitioner had experts at his trial and asserts that his argument that Kentucky's post-conviction process is inadequate is inaccurate.

In reply, Petitioner argues that if this Court decides that the state court's conclusion with regard to claim 5(a) that trial counsel was not deficient is unreasonable then this Court must go on to consider whether Petitioner was prejudiced by inadequate representation. Petitioner argues that review of that part of the *Strickland*[2] test will not be limited to the state court record because the § 2254(d)(1) standard will not apply.

## II.

With regard to the first part of Petitioner's argument regarding claim 5(a) – that an evidentiary hearing is needed because the state court addressed only the first prong of the *Strickland* analysis – the Court is unpersuaded. The ineffective-assistance-of-counsel standard is two-part: Petitioner must show both that counsel's performance was deficient and that the deficient performance was prejudicial. Once the state court determined that Petitioner's counsel's performance was not deficient, the question of whether his motion for post-conviction relief on this claim should be granted was answered. *See Stanford v. Parker*, 266 F.3d 442, 454 (6th Cir. 2001) (noting that under *Strickland* if a defendant cannot make the requisite showing on the performance prong, the court need not conduct prejudice-prong analysis). In short, there was no reason for that court to consider the second prong. Similarly here, should this Court agree with the Kentucky court, there will be no need to consider the second prong. However, if this Court determines that there is a need to look at the second prong, the Court will reconsider the

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

3

issue of an evidentiary hearing at that time.

The Court next turns to Petitioner's argument that an evidentiary hearing should be granted as he originally requested, *i.e.*, on claims 3 and 5, because Kentucky's post-conviction process is inadequate because it does not permit discovery. Petitioner attempts to distinguish his case from *Pinholster* in that Pinholster had access to experts in his state post-conviction process whereas Petitioner, because he was not granted a hearing by the state court, did not have access to experts because he could not afford to pay for them himself. Petitioner also argues that Kentucky's state post-conviction process is grossly inadequate because, unlike California, it does not permit discovery. *Pinholster*'s focus in holding that review is limited to the record before the state court was on the "backward-looking language" of § 2254(d)(1). *Pinholster*, 131 S. Ct. at 1398. The Supreme Court explained that because § 2254(d)(1) "refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law," the record under review must be limited to the record in existence at the time the state court adjudicated the claim. *Id.* The Court did not premise its holding that review is limited to the state-court record on the adequacy of such record or whether discovery was permitted or conducted at the state-court, post-conviction level.

The Court notes that a similar argument was raised in a death-penalty habeas case in the Southern District of Ohio, *Lynch v. Hudson*, No. 2:07-cv-948, 2011 WL 4537890 (S.D. Ohio Sept. 28, 2011). Lynch argued that *Pinholster* was distinguishable because Pinholster, unlike Lynch, never claimed an inability to discover, develop, or present evidence to the state court. Lynch argued that *Pinholster* does not preclude fact development when the state court's fact-finding process is shown to be unfair or inadequate – which he asserted was the case in his

situation because the state trial court refused him funds to employ an expert.

The Southern District of Ohio noted that many courts have broadly and strictly construed *Pinholster* to preclude new evidence.  The district court agreed with those courts based on the plain language of *Pinholster* and stated:  "[N]either Petitioner's arguments nor this Court's own reading of *Pinholster* and review of the record persuade the Court that the instant case is distinguishable from *Pinholster* in the manner asserted by Petitioner . . . ." *Id.* at *4.  The district court further noted, "Should the Court determine that the state courts failed to adjudicate any of Petitioner's claims on the merits, the Court is free under the express language of *Pinholster* to consider [additional] materials in determining whether that claim is meritorious." *Id.* (citing *Pinholster*, 131 S. Ct. at 1401).  Additionally, the Southern District of Ohio noted that several courts have concluded that, if after review solely on the state-court evidence, it appears that the state court contravened or unreasonably applied clearly established federal law, the federal court may then consider additional evidence to determine whether habeas relief should issue. *Id*. at *5.

The Court finds no basis for reconsidering its prior Order regarding Petitioner's request for an evidentiary hearing.  For the same reasons as set forth above, this Court will deny Petitioner's motion to reconsider the Order denying his request for appointment of an expert.

## III.

For the foregoing reasons, Petitioner's Motion to Reconsider the Court's Interlocutory Order Denying Discovery and an Evidentiary Hearing (DN 58) and his Motion to Reconsider the Court's Interlocutory Order Denying Expert Assistance (DN 59) are **DENIED**.  The matters of the state-court record and discovery in this Court having been determined, the way is clear for this Court to turn its attention to the merits of Petitioner's petition.

Date:


cc: Counsel of record
4412.009

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**[CAPITAL CASE]**

**MELVIN LEE PARRISH**                                        **PETITIONER**

**v.**                                    **CIVIL ACTION NO. 3:09-CV-P254-H**

**THOMAS L. SIMPSON, WARDEN**                        **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner's Motion to Reconsider the Court's Interlocutory Order Denying Discovery and an Evidentiary Hearing (DN 58) and his Motion to Reconsider the Court's Interlocutory Order Denying Expert Assistance (DN 59). Having considered those motions, Respondent's response (DN 60), and Petitioner's reply (DN 63), the Court will deny Petitioner's motions for the following reasons.

**I.**

Petitioner asks this Court to reconsider its Memorandum Opinion and Order (DN 52), which, among other things, denied Petitioner's motion for discovery and an evidentiary hearing. Petitioner had requested discovery by way of deposing his trial attorneys and mitigation witnesses and an evidentiary hearing on claim 3 and two subparts of claim 5 (ineffective assistance of trial counsel at mitigation in failing to present evidence of diminished capacity and in failing to investigate possible organic brain damage or neurological disorder). In the Memorandum Opinion denying the motion for evidentiary hearing, this Court explained that because Petitioner brings claims 3 and 5 under 28 U.S.C. § 2254(d)(1)[1] and because the

---

[1] That section provides:

(d) An application for a writ of habeas corpus on behalf of a person

Kentucky Supreme Court addressed those claims on the merits, under *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), it would be futile to allow discovery and to conduct an evidentiary hearing because the Court must consider only the state-court record.

In his motion to reconsider the Court's denial of his request for an evidentiary hearing, Petitioner argues that it is premature for this Court to deny an evidentiary hearing on claim 5(a). As reason, Petitioner points to the fact that the Kentucky Supreme Court stopped its analysis on his ineffective-assistance-of-counsel claim after it determined that counsel's performance was not deficient. Petitioner also argues that the Order should be reconsidered as to all of the claims on which Petitioner requested an evidentiary hearing because this case is distinguishable from *Pinholster*. Petitioner distinguishes this case in that Pinholster (who was convicted in California) received two rounds of state post-conviction proceedings with access to experts, allowing him to fully develop his claims in state court even though he did not have a state post-conviction evidentiary hearing. Here, Petitioner argues, he did not have access to expert assistance in preparing his post-conviction motion, and Kentucky's post-conviction process is inadequate because it does not permit discovery.

In response, the State argues that claim 5(a) was fully adjudicated on the merits by the state court because the state court was not required to determine whether Petitioner suffered

---

<p style="padding-left: 2em;">in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--</p>

<p style="padding-left: 2em;">(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]</p>

<div style="text-align:center;">2</div>

prejudice from counsel's acceptable performance. The State also points out that Petitioner had experts at his trial and asserts that his argument that Kentucky's post-conviction process is inadequate is inaccurate.

In reply, Petitioner argues that if this Court decides that the state court's conclusion with regard to claim 5(a) that trial counsel was not deficient is unreasonable then this Court must go on to consider whether Petitioner was prejudiced by inadequate representation. Petitioner argues that review of that part of the *Strickland*[2] test will not be limited to the state court record because the § 2254(d)(1) standard will not apply.

## II.

With regard to the first part of Petitioner's argument regarding claim 5(a) – that an evidentiary hearing is needed because the state court addressed only the first prong of the *Strickland* analysis – the Court is unpersuaded. The ineffective-assistance-of-counsel standard is two-part: Petitioner must show both that counsel's performance was deficient and that the deficient performance was prejudicial. Once the state court determined that Petitioner's counsel's performance was not deficient, the question of whether his motion for post-conviction relief on this claim should be granted was answered. *See Stanford v. Parker*, 266 F.3d 442, 454 (6th Cir. 2001) (noting that under *Strickland* if a defendant cannot make the requisite showing on the performance prong, the court need not conduct prejudice-prong analysis). In short, there was no reason for that court to consider the second prong. Similarly here, should this Court agree with the Kentucky court, there will be no need to consider the second prong. However, if this Court determines that there is a need to look at the second prong, the Court will reconsider the

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

3

issue of an evidentiary hearing at that time.

The Court next turns to Petitioner's argument that an evidentiary hearing should be granted as he originally requested, *i.e.*, on claims 3 and 5, because Kentucky's post-conviction process is inadequate because it does not permit discovery.  Petitioner attempts to distinguish his case from *Pinholster* in that Pinholster had access to experts in his state post-conviction process whereas Petitioner, because he was not granted a hearing by the state court, did not have access to experts because he could not afford to pay for them himself.  Petitioner also argues that Kentucky's state post-conviction process is grossly inadequate because, unlike California, it does not permit discovery.  *Pinholster*'s focus in holding that review is limited to the record before the state court was on the "backward-looking language" of § 2254(d)(1).  *Pinholster*, 131 S. Ct. at 1398.  The Supreme Court explained that because § 2254(d)(1) "refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law," the record under review must be limited to the record in existence at the time the state court adjudicated the claim.  *Id.*  The Court did not premise its holding that review is limited to the state-court record on the adequacy of such record or whether discovery was permitted or conducted at the state-court, post-conviction level.

The Court notes that a similar argument was raised in a death-penalty habeas case in the Southern District of Ohio, *Lynch v. Hudson*, No. 2:07-cv-948, 2011 WL 4537890 (S.D. Ohio Sept. 28, 2011).  Lynch argued that *Pinholster* was distinguishable because Pinholster, unlike Lynch, never claimed an inability to discover, develop, or present evidence to the state court.  Lynch argued that *Pinholster* does not preclude fact development when the state court's fact-finding process is shown to be unfair or inadequate – which he asserted was the case in his

4

situation because the state trial court refused him funds to employ an expert.

The Southern District of Ohio noted that many courts have broadly and strictly construed *Pinholster* to preclude new evidence. The district court agreed with those courts based on the plain language of *Pinholster* and stated: "[N]either Petitioner's arguments nor this Court's own reading of *Pinholster* and review of the record persuade the Court that the instant case is distinguishable from *Pinholster* in the manner asserted by Petitioner . . . ." *Id.* at *4. The district court further noted, "Should the Court determine that the state courts failed to adjudicate any of Petitioner's claims on the merits, the Court is free under the express language of *Pinholster* to consider [additional] materials in determining whether that claim is meritorious." *Id.* (citing *Pinholster*, 131 S. Ct. at 1401). Additionally, the Southern District of Ohio noted that several courts have concluded that, if after review solely on the state-court evidence, it appears that the state court contravened or unreasonably applied clearly established federal law, the federal court may then consider additional evidence to determine whether habeas relief should issue. *Id.* at *5.

The Court finds no basis for reconsidering its prior Order regarding Petitioner's request for an evidentiary hearing. For the same reasons as set forth above, this Court will deny Petitioner's motion to reconsider the Order denying his request for appointment of an expert.

5

## III.

For the foregoing reasons, Petitioner's Motion to Reconsider the Court's Interlocutory Order Denying Discovery and an Evidentiary Hearing (DN 58) and his Motion to Reconsider the Court's Interlocutory Order Denying Expert Assistance (DN 59) are **DENIED**. The matters of the state-court record and discovery in this Court having been determined, the way is clear for this Court to turn its attention to the merits of Petitioner's petition.

Date:


cc: Counsel of record
4412.009